JAMES R. GREINER, ESQ.
CALIFORNIA STATE BAR NUMBER 123357
LAW OFFICES OF JAMES R. GREINER
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE: (916) 649-2006
FAX: (916) 920-7951

ATTORNEY FOR DEFENDANT
TIEN THE LE

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR.-S-NO.-08-449–WBS |
|     PLAINTIFF, ) | |
|     v. ) | STIPULATION AND (~~PROPOSED~~) ORDER TO CONTINUE THE STATUS CONFERENCE TO MONDAY, SEPTEMBER 24, 2012, EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT (T-4) |
| TIEN THE LE, et al., ) | |
|     DEFENDANTS. ) | |
| _____) | |

Plaintiff, the United States by Assistant United States Attorney, Mr. Heiko Coppola, and defendant Tien The Le by his attorney James R. Greiner, all stipulate and agree that the status conference calendared for **Monday, August 27, 2012**, at 9:30 a.m. before the Honorable Senior United States District Court Judge, William B. Shubb, may be continued to **Monday, September 24, 2012**, at 9:30 a.m. The Court's availability on this date, September 24, 2012**,** has been confirmed.

**BACKGROUND**

On June 4, 2012, the Court appointed present defense counsel, James R. Greiner, after prior counsel had moved to withdraw from the case two (2) weeks prior to the scheduled commencement of the jury trial.

1

Since the appointment, defense counsel has accomplished the following:

1- On Friday, June 15, 2012, the defense obtained over 10,000 pages of discovery from the government, prior attempts were made to obtain the discovery from prior defense counsel but all attempts failed;

2- Defense counsel, the interpreter and defendant met for over 1 and a half hours on Monday, June 11, 2012.

3- Defense counsel has begun the review of the over 10,000 pages of discovery in the case;

4- The parties have conferred on the case;

5- The government is producing an additional 200 pages of discovery to the defense.

Defense counsel has begun reviewing the over 10,000 pages of discovery. Defense counsel is mindful that the Court wants this case to move to resolution. The parties have conferred and the government is producing an additional 200 pages of discovery to the defense. Defense counsel has used and will use the time to September 24, 2012, to: 1- review the discovery and the additional 200 pages of discovery; 2- meet and confer with the client, discussing the discovery, and the options of resolving this case short of trial; 3- In that regard, defense counsel will discuss the Advisory Sentencing Guidelines with the defendant; 5- this additional time will be put to good use in an attempt to conserve precious judicial and government resources in an attempt to see if resolution of this case can happen short of trial, which would be an ultimate cost savings to the system; 6- should a resolution not happen, a trial date can be set at the September 24, 2012, Court date.

Although defense counsel is mindful that attempting to resolve the case will expend resources and time, if resolution can be achieved, then an ultimate cost and resource savings for the Court and the government has been achieved. If a resolution is not obtainable, then the record is clear and a realistic trial date can be set.

The parties agree and stipulate that this continuance is reasonable taking into account the exercise of due diligence by all counsel.

The parties agree and stipulate that due to all of the facts stated herein, including the over 10,000 pages of discovery that needs review and investigation, the legal research into the complex Advisory Sentencing Guidelines that counsel needs to do, allowing defense counsel an opportunity to reasonably meet and confer with the defendant and the interpreter in discussing the entire case and the Advisory Sentencing Guidelines. Further, the parties stipulate and agree that this Court should order time under the Speedy Trial Act continue to be excluded from **Monday, August 27, 2012,** up to and including **Monday, September 24, 2012**, under the Speedy Trial Act for case for defense counsel preparation in this case, and that all counsel for all parties stipulate that the ends of justice are served by the Court excluding such time, so that defense counsel for the defendant may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18U.S.C. section 3161(h)(7)(B)(iv), and therefore time should also be excluded under 18 U.S.C. section 3161(h)(7)(A) and Local Code T-4.

Further, all parties agree and stipulate that the Court in making these factual findings supports the Court's finding that in this case the ends of justice are served by this continuance and outweigh both the public's right to a speedy trial in this case and each defendant's right to a speedy trial in this case.

Respectfully submitted,
BENJAMIN B. WAGNER
UNITED STATES ATTORNEY

DATED: 8-24-12          /s/ HEIKO COPPOLA (via e mail approval)
_____
HEIKO COPPOLA,
ASSISTANT UNITED STATES ATTORNEY

DATED: 8-24-12          /s/ JAMES R. GREINER
_____
James R. Greiner
Attorney for Defendant
TIEN THE LE

# ORDER

**THE COURT MAKES THE FOLLOWING FINDINGS:**

The Court finds that the ends of justice in this case outweighs both the public's right to a speedy trial in this case and the defendant's right to a speedy trial in this case based on the following facts:

1- Defense counsel is continuing to review the discovery in this case, continuing to have discussions with his client about the facts of the case and the discovery in the case, defense counsel is still investigating the case based on the discovery and the conferences with his client, so that counsel for the defendant may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

2- Defense counsel is doing legal research into the advisory Sentencing Guidelines as it may apply to the defendant's facts in this case so as to adequately advise and counsel his client;

3- The discovery in this case is consists to date of over 10,000 pages produced by the government on Friday, June 15, 2012;

4- The government is producing an additional 200 pages of discovery in this case;

5- Defense counsel is actively engaged in conferences with the defendant regarding all aspects of this case and the time requested is reasonable to allow this process to continue exercising due diligence by counsel;

6- The additional time will allow for reasonable plea negotiations in a good faith attempt to resolve this case short of trial;

7- Based on the facts of this individual case the time requested is reasonable in light of the exercise of due diligence by counsel**;**

Therefore, based on the Court's findings and the parties agreements and stipulations as set forth herein and supported by the findings of facts in this case as set forth herein, time is excluded under the Speedy Trial Act from **Monday, August 27, 2012** to and including, **Monday, September 24, 2012**, under the Speedy Trial Act under Local Code T-4 (time for defense counsel preparation) and Title 18 U.S.C. section 3161(h)(7)(B)(iv).

**IT IS SO ORDERED.**

DATED: August 24, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE